INSTITUTIONS OF HIGHER LEARNING — RENTAL OF AUTOMOBILES Higher institutions of learning may enter into contracts for rental of automobiles. However, the mileage allowance provided in 74 O.S. 500.4 [74-500.4] (1971) will not be applicable. The personnel of said institutions may be reimbursed not to exceed nine cents ($0.09) per mile whether using a privately owned automobile or an automobile leased by such personnel. The Attorney General has received your request for an opinion wherein you ask, in effect, the following questions: 1. Can higher institutions of learning enter into contracts for rental of automobiles? 2. Can the personnel of said institutions enter into contracts for rental of automobiles with this expense being charged as travel expense for the personnel of said institutions? With reference to your first question, 70 O.S. 3412 [70-3412] (1971) states in part: "The Board of Regents for Oklahoma Agricultural and Mechanical Colleges shall have the supervision, management and control of Oklahoma State University of Agriculture and Applied Science, . . . and shall have the following additional powers and duties: "(c) Enter into contracts, purchase supplies, materials and equipment, and incur such other expenses as may be necessary to make any of its powers effective. "(o) The Legislature further recognizes and confirms, that the Oklahoma State University of Agriculture and Applied Science is an institution corporate under the constitution and statutes of Oklahoma with full power and authority, acting through its constitutional Board of Regents, to do all things necessary or convenient to accomplish the corporate objects of said institution, and said institution, acting through its constitutional Board of Regents, is hereby recognized to be such public corporation and to have such powers. "The enumeration herein of certain powers and immunities of the Board of Regents for the Oklahoma Agricultural and Mechanical Colleges shall not be construed as in derogation or as a limitation of other powers and immunities properly belonging to said Board by virtue of any provisions of the Constitution of Oklahoma or of any provision of law. Said Board, . is hereby, expressly granted every power necessary or convenient to make institutions under its jurisdiction effective for the purposes for which they were created and are maintained and operated." (Emphasis added) Title 74 O.S. 85.1 [74-85.1] — 74 O.S. 85.21 [74-85.21] (1971), commonly referred to as the Central Purchasing Act, states in Section 74 O.S. 85.2 [74-85.2](3): "The term 'acquisition' shall include all types of purchases and rentals, whether bought or leased by contract or otherwise, and include every means by which a state agency obtains for its use any materials, supplies, service or equipment covered by this act, except those specifically excluded in this act;" (Emphasis added) Section 74 O.S. 85.3 [74-85.3] states that the Act shall not apply to institutions of higher learning or county government, but goes on to state in Section 74 O.S. 85.12 [74-85.12]: "Notwithstanding the exclusions provided herein, any agency or common schools of Oklahoma, any municipality of the State of Oklahoma, and county officers may, if they so desire, avail themselves of the provisions of the Oklahoma Central Purchasing Contracts and the services of the Purchasing Director." In the case of Baker v. Carter,165 Okl. 116, 25 P.2d 747 (1933), the Court stated, concerning the powers of the Board of Regents of Oklahoma Agricultural and Mechanical College, in Syllabus 2: "The Oklahoma Agricultural and Mechanical College is a public corporation, a separate legal entity, whose government and management is vested in a Board of Regents, the State Board of Agriculture. . . . It has the power and authority to do everything necessary and convenient, where it is not prohibited, either expressly or impliedly by law, to accomplish the objects for which the institution was founded . . . and to do all things necessary to make the college effective as an educational institution." In Rheam v. Board of Regents of University of Oklahoma,161 Okl. 268, 18 P.2d 535 (1933), the Court held that the Board of Regents of Oklahoma University "has the implied power to do everything necessary and convenient to accomplish the objects for which that school was founded and which is not prohibited, either expressly or impliedly, by law." An Attorney General Opinion dated February 16, 1946, addressed to Honorable P. H. Marrill, Chairman, Board of Regents for the Oklahoma Agricultural and Mechanical Colleges, held that the Board of Regents had the authority to execute notes on behalf of Oklahoma AM College. It appears that the Central Purchasing Act at least impliedly authorizes a state agency or entity to enter into contracts to lease or rent equipment, supplies, etc. This authority, coupled with the statutory authority and case authority giving Oklahoma colleges and universities powers to enter into contracts and "to do everything necessary and convenient to accomplish the object for which the schools were founded and which are not prohibited, either expressly or impliedly by law", should be sufficient to give the Board of Regents authority to enter contracts for the rental of automobiles. In addition, there was nothing found that prohibited these institutions from renting or leasing automobiles. In the opinion of this office, higher institutions may enter into contracts for rental of automobiles. With reference to your second question, 74 O.S. 500.4 [74-500.4] (1972) allows for the use of privately owned automobiles, and states in part: "c. Reimbursement for authorized use of privately owned motor vehicles shall not exceed nine cents ($0.09) per mile. . ." Section 500.5 allows for leasing or renting automobiles and states: "Reimbursement for automobiles leased or rented from so called car rental agencies or private parties, to be used in lieu of a privately owned vehicle on official business for the state, shall not exceed the rate provided for the use of a privately owned automobile." It is, therefore, the opinion of the Attorney General that your first question be answered in the affirmative in that higher institutions of learning may enter into contracts for rental of automobiles. However, the mileage allowance provided in 74 O.S. 500.4 [74-500.4] (1971) will not be applicable. It is further the opinion of the Attorney General that your second question be answered as follows: The personnel of said institutions may be reimbursed not to exceed nine cents ($0.09) per mile whether using a privately owned automobile or an automobile leased by such personnel. (Todd Markum)